

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-74,562-02

### EX PARTE RICHARD DOTSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11-2825-B IN THE 177TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.  KELLER, P.J. filed a dissenting opinion joined by YEARY, KEEL, and SLAUGHTER, JJ.  SLAUGHTER, J. filed a dissenting opinion joined by YEARY, J.

### O P I N I O N

Applicant was convicted of possession of a controlled substance and sentenced to eighteen years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Dotson v. State*, No. 14-09-00213-CR (Tex. App.—Houston [14th Dist.] April 27, 2010)(not designated for publication). He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court.  *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel was ineffective because she failed to raise an illegal sentence claim based on the improper use of enhancements.  Based on the record, the trial court has determined that appellate counsel's performance was deficient and that Applicant was

prejudiced.

Relief is granted. *Smith v. Robbins*, 528 U.S. 259 (2000); *Ex parte Miller*, 330 S.W.3d 610 (Tex. Crim. App. 2009). Applicant may file an out-of-time appeal of his conviction in cause number 1192825 from the 177th District Court of Harris County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: March 16, 2022
Publish